**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Case No. 3:22-CR-274 |
| Plaintiff, | JUDGE KNEPP |
| -vs- | **SECOND ORDER TO RELEASE RECORDS** |
| **AMANDA HOVANEC,** | |
| Defendant. | |

This cause came to be heard on the oral request of Defendant Amanda Hovanec for a second Order directing the Auglaize County Court of Common Pleas to disclose to defense counsel all court records for Auglaize County Court of Common Pleas Case No. 2020 DR 0128 and related Case No. 2022 DIV 044, without limitation, including all guardian ad litem reports and the Affidavit of Property and Debt and Affidavit of Basic Information, Income, and Debt. The request was made by defense counsel during a sentencing status pretrial on 24 April 2024. The Government joined in the request. The parties represented that the Auglaize County Court of Common Pleas refused to comply with the Court's earlier Order to disclose the requested records (Doc. 41-1). After hearing from counsel for both parties, the Court makes the following findings and Order:

1. The Court is aware of Ohio statutes that designate the requested records as confidential and protected from disclosure in most instances.

2. Ms. Hovanec's sentencing is governed by 18 U.S.C. §3553 which requires this Court to consider the nature and circumstances of the offense and the history and characteristics of Ms. Hovanec, among other factors. 18 U.S.C. §3553(a)(1). Both parties represent that the requested records are relevant to these sentencing considerations. The failure of the Auglaize County Court of Common Pleas to disclose the records as ordered by this Court prevents the parties and the Court from applying 18 U.S.C. §3553 as directed by the United States Congress.

3. Counsel for Ms. Hovanec is required to undertake a thorough investigation of all potential mitigation evidence. Failure to do so violates Ms. Hovanec's right to effective assistance of counsel guaranteed by the Sixth Amendment to the United States Constitution. See *Andrus v. Texas*, 590 U.S. 806, 140 S.Ct. 1875, 207 L.Ed.2d 335 (2020); *Harries v. Bell*, 417 F.3d 631 (6th Cir. 2005). The refusal of the Auglaize County Court of Common Pleas to disclose the records as ordered by this Court violates Ms. Hovanec's Sixth Amendment right to effective assistance of counsel.

4. It is well established that the Supremacy Clause of the United States Constitution invalidates state laws that interfere with or are contrary to federal law. *Gibbons v. Ogden*, 9 Wheat. 1, 211, 6 L.Ed. 23 (1824); *Hillsborough County, Fla. v. Automated Medical Laboratories, Inc.,* 471 U.S. 707, 105 S.Ct. 2371, 85 L.Ed.2d 714 (1985).

5. The Court finds that the Ohio statutes on which the Auglaize County Court of Common Pleas relies to refuse disclosure of the records this Court Ordered disclosed both interfere with and are contrary to federal law applicable to this case. Specifically, the Ohio

statutes prevent both the Government and Ms. Hovanec from informing the Court of the relevant nature and circumstances of the offense and the history and characteristics of Ms. Hovanec which this Court is required to consider before imposing a sentence pursuant to 18 U.S.C. §3553.

6.  The Court further finds that the Ohio statutes on which the Auglaize County Court of Common Pleas relies to refuse disclosure of the records this Court Ordered disclosed prevent Ms. Hovanec from exercising her right to the effective assistance of counsel guaranteed by the Sixth Amendment to the United States Constitution.

7.  The Court is sensitive to the protections afforded by the Ohio confidentiality statutes. The situation here is analogous to *Pennsylvania v. Ritchie*, 480 U.S. 39, 107 S.Ct. 989, 94 L.Ed.2d 40 (1987), where confidential Pennsylvania Children and Youth Services records were sought by a defendant charged with rape after a Child Youth Services investigation. Those records were protected by State confidentiality statutes. The United States Supreme Court ordered the Child Youth Services records transmitted to the trial court for an *in camera* review to determine which, if any, of the records needed to be disclosed to the defendant to preserve his Sixth Amendment rights.

Based on these findings, it is **Ordered** that the Clerk of Courts of the Auglaize County Court of Common Pleas copy onto a USB flash drive all records associated with the Auglaize County Court of Common Pleas Case No. 2020DR0128 and related Case No. 2022DIV044, without limitation, including all guardian ad litem reports and the Affidavit of Property and Debt and Affidavit of Basic Information, Income, and Debt.

The Auglaize County Clerk of Courts is further **Ordered** to include a certification to this

Court that all records, without limitation, from both case numbers are contained on the flash drive.  The flash drive should be sent to the following address: The Honorable James R. Knepp, II, United States District Court Judge, 1716 Spielbusch Avenue, Room 318, Toledo, Ohio 43604.

It is further **Ordered** that the Clerk of Courts of the Auglaize County Court of Common Please transmit these records to this Court on or before 21 June 2024 for *in camera* review.

| | |
|---|---|
| *s/ James R. Knepp II* | 6/7/2024 |
| JUDGE | DATE |